NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DEL SOCORRO ZAVALA-LUNA; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.   17-71103 <br><br> Agency Nos.   A206-915-566 <br> A206-915-568 <br> A206-915-518 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2026[**]

Before:  GOULD, BENNETT, and SUNG, Circuit Judges.

Petitioners, Maria Del Socorro Zavala-Luna ("Zavala"), her minor son

L.R.Z., and her daughter Katya Chavez-Zavala ("Katya") (together "Petitioners")[1]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Zavala is the lead petitioner in this case, and her son, L.R.Z. is a derivative on her application for asylum.  *See* INA § 208(b)(3)(A), 8 U.S.C. § 1158(b)(3)(A).  Zavala's daughter Katya filed a separate asylum application.  Katya's claims are based on the alleged mistreatment her mother experienced in Mexico.

petition our Court to reverse the Board of Immigration Appeals' ("BIA") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The parties are familiar with the facts, so we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The Immigration Judge concluded, and the BIA affirmed, that Petitioners did not establish eligibility for asylum, withholding of removal, or relief under the CAT.

On appeal to the BIA, the only issue Zavala raised was whether she established membership in a particular social group. The BIA declined to address that issue, instead dismissing the appeal based on the Immigration Judge's other dispositive determinations, which Zavala did not challenge. Those included the Immigration Judge's conclusions that (1) Zavala had not experienced past persecution; (2) she did not establish a nexus between the alleged persecution and her membership in a particular social group; (3) she did not show that the Mexican government would be unwilling or unable to protect her from the harm she fears from private actors; and (4) she can relocate within Mexico to avoid future harm.

In her petition to this Court, Zavala briefly raises again the question of whether she demonstrated membership in any particular social group, and an additional question as to whether she established a nexus between the alleged harm

and her purported social groups.  Her new argument on appeal implicates questions of forfeiture and exhaustion.  *See Shen v. Garland*, 109 F.4th 1144, 1157–58 (9th Cir. 2024) (explaining that administrative exhaustion requires a petitioner to raise before the BIA the same issues that form the basis of her appeal to this court).

We need not address whether Zavala has established membership in a particular social group, or whether the nexus issue was forfeited or exhausted, because Petitioners again fail to challenge other dispositive determinations, including that the harm Zavala "experienced in the past in relation to both of her claimed particular social groups is not sufficiently severe to constitute persecution as a matter of law" and that Zavala "did not establish Mexican officials are unwilling or unable to protect her from harm perpetrated by private actors."  *See Asarco LLC v. Atlantic Richfield Co.*, 866 F.3d 1108, 1127 (9th Cir. 2017) (issue abandoned where not raised on appeal to this court).  Petitioners' failure to challenge these dispositive determinations foreclose their claims for asylum and withholding of removal.  *See, e.g.*, *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2023) ("The source of the persecution [to support asylum or withholding of removal] must be the government or forces that the government is unwilling or unable to control.") (internal quotation marks and citation omitted).  Accordingly, we uphold the BIA's determination that Petitioners have not met their burden with regard to their asylum or withholding of removal claims.

Petitioners did not challenge any of the Immigration Judge's findings regarding their claims for CAT relief. Accordingly, we uphold the BIA's decision as to their application for protection under the CAT.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal is otherwise denied. *See* Dkt. No. 1.